UNITED STATES DISTRICT COURT
DISTRICT OF MINNESOTA

| | |
|---|---|
| **IN RE: BAYCOL PRODUCTS LITIGATION** | Civ. No. 02-3489 (MJD/JGL) |
| This document relates to:<br><br>Plaintiff Lester Speights:<br><u>Adams, Peggy, et al. v. Bayer Corp., et al.</u> | **REPORT AND RECOMMENDATION** |

APPEARANCES

No appearance was made on behalf of Plaintiff Lester Speights

Susan A. Weber and James W. Mizgala, Esqs., on behalf of Defendant Bayer Corporation

JONATHAN LEBEDOFF, Chief United States Magistrate Judge

The above-entitled matter came before the undersigned Chief Magistrate Judge of District Court on Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Lester Speights (Doc. No. 33), filed and e-served on May 19, 2005. This matter has been referred to the undersigned for a Report and Recommendation pursuant to 28 U.S.C. § 636, D. Minn. LR 72.1, and Pretrial Order ("PTO") 52.

I. **INTRODUCTION**

On April 1, 2005, Defendant Bayer Corporation ("Bayer") moved to compel Plaintiff Lester Speights to produce certain discovery pursuant to PTOs

4, 10, 12, and 85.  Bayer specifically sought the production of: (1) a properly executed Health Insurance Portability and Accountability Act ("HIPAA") Compliant Authorization for Release of Medical Records; (2) a properly executed Authorization for Release of Employment Records; (3) complete mailing addresses for Plaintiff's listed healthcare providers in response to Plaintiff Fact Sheet ("PFS") § III.A; and (4) information regarding Plaintiff's use of Baycol, including dates of use, dosage, and names and addresses of the prescribing doctor and dispensing pharmacy, in response to PFS § V.A.  At that time, Defendant requested that if Speights should fail to comply with an Order compelling the above, his case would be recommended for dismissal with prejudice.

Plaintiff, who is represented by Daniel E. Becnel, Jr., failed to offer any response to the Motion to Compel.  Finding good cause for the Motion, this Court entered an Order on May 2, 2005 compelling Speights to produce the enumerated outstanding discovery.  The Order warned Speights that if he failed to produce the discovery at issue by May 17, 2005, this Court would consider recommending that his case be dismissed with prejudice. (Order of May 2, 2005 at 2.)

On May 19, 2005, Defendant Bayer filed the instant Motion for Sanctions, asserting that Speights had not complied with the Order of May 2 and seeking that the fullest sanction be imposed upon him.  Once again,

Plaintiff Speights failed to offer any response to Defendant's Motion. The Court has received no communication from Plaintiff Speights or counsel Becnel at any point.

## II. DISCUSSION

Federal Rule of Civil Procedure 37 provides courts with broad discretion to impose sanctions for failure to comply with discovery orders, including the ultimate sanction of dismissal with prejudice. In pertinent part, the Rule states that "[i]f a party . . . fails to obey an order to provide or permit discovery, including an order made under subdivision (a) of this rule . . . the court in which the action is pending may make such orders in regard to the failure as are just, [including] an order . . . dismissing the action or proceeding or any part thereof." Fed. R. Civ. P. 37(b)(2)(C).

In the Eighth Circuit, dismissal may be considered as a sanction only where there is an order compelling discovery, willful violation of that order, and prejudice to the opposing party. <u>Keefer v. Provident Life & Accident Ins. Co.</u>, 238 F.3d 937, 940 (8th Cir. 2000) (citation omitted). While the district court has discretion to impose discovery sanctions, such sanctions must be just and specifically related to the claim at issue. <u>Id.</u> (citations omitted). Before imposing dismissal, courts must consider whether a lesser sanction is appropriate under the circumstances, but need not impose the least onerous sanction available. <u>Id.</u> (citations omitted). The Court notes that

it has supported the imposition of such sanctions in prior Baycol matters.  See Bougher, et al. v. Bayer Corp., Civ. No. 02-0914 (MJD/JGL), slip. op. at 2 (D. Minn. May 24, 2004).

In the present case, an Order compelling discovery has been issued, and Plaintiff Speights has exhibited willful violation of that Order by failing without explanation to provide any of the discovery as mandated.  See Keefer, 238 F.3d at 940.  Further, the Court finds that Bayer has shown the requisite prejudice.  The PFS information and authorizations that Plaintiff has failed to provide are necessary for Defendant to adequately assess Plaintiff's case.  For example, without the missing information, Bayer asserts that it is unable to determine when, if ever, Baycol was sold to Speights; the dosage at which the drug was prescribed and used; the nature, extent, and potential causes of Speights's alleged injuries; or the extent of his damages.  Speights's omissions have left Bayer virtually unable to mount a defense.  Hence, a sanction of dismissal of Plaintiff's claims appropriately correlates with Plaintiff's misconduct.  See id.

Finally, this Court considers the efficacy of a less onerous sanction against Plaintiff.  See id.  Because Plaintiff and his counsel have deemed it unnecessary to respond to Defendant's repeated requests for mandatory discovery disclosures, to Motions by Defendant, or even to Orders of this Court, the Court finds in its discretion that any lesser sanction would

be futile. Defendant's Motion should be granted, and Plaintiff Speights's case should be dismissed with prejudice.

Based on all the files, records, and proceedings herein, **IT IS HEREBY RECOMMENDED**:

(1) Defendant Bayer Corporation's Motion for Discovery Sanctions against Plaintiff Lester Speights (Doc. No. 33) should be **GRANTED**; and

(2) Plaintiff Lester Speights's action should be **DISMISSED WITH PREJUDICE**.

Dated: June 21, 2005           s/ Jonathan Lebedoff
                               JONATHAN LEBEDOFF
                               Chief United States Magistrate Judge

Pursuant to D. Minn. LR 72.2(b), any party may object to this Report and Recommendation by filing with the Clerk of Court and serving all parties by July 11, 2005, a copy of specific, written objections. A party may respond to the objections within ten days after service thereof. All objections and responses filed under this rule shall not exceed 3,500 words. A District Judge shall make a de novo determination of those portions to which objection is made. Failure to comply with this procedure shall operate as a forfeiture of the objecting party's right to seek review in the United States Court of Appeals for the Eighth Circuit. Unless the parties are prepared to stipulate that the District Court is not required by 28 U.S.C. § 636 to review a transcript of the hearing in order to resolve all objections made to this Report and Recommendation, the party making the objections shall timely order and cause to be filed within ten days a complete transcript of the hearing.